IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DIANN FRYE,

               Plaintiff,

vs.                               Case No. 10-1251-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

               Defendant.


MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the

conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  <u>Graham v. Sullivan</u>, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  <u>Glenn</u>, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other

jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On July 13, 2009, administrative law judge (ALJ) Evelyn M. Gunn issued her decision (R. at 10-17). Plaintiff alleges that she has been disabled since November 11, 2005 (R. at 10). Plaintiff is insured for disability insurance benefits through December 31, 2010 (R. at 10). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (R. at 12). At step two, the ALJ found that plaintiff had the following severe

4

impairments: degenerative joint disease of the knees, history of back pain and blood clots in her legs (R. at 12). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 14). After determining plaintiff's RFC (R. at 14), the ALJ found at step four that plaintiff is unable to perform past relevant work (R. at 16). At step five, the ALJ found that plaintiff can perform other jobs in that exist in significant numbers in the national economy (R. at 16-17). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 17).

**III. Did the ALJ err in her RFC analysis?**

In this case, the ALJ made the following RFC findings:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a), including the ability to lift and carry 10 pounds occasionally, stand and/or walk for 2 hours in an 8 hour day and sit for 6 hours in an 8 hour day, but would need a sit/stand option every 30 minutes when walking. She has unlimited ability to push and pull. The claimant can occasionally climb stairs and ramps, balance, sto[o]p, and crouch, but could never climb ladders, ropes or scaffolds, crawl or kneel. She should avoid concentrated exposure to extreme cold and heat.

(R. at 14).

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each

5

conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to

6

comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review. <u>Brown v. Commissioner of the Social Security Administration</u>, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ provided the following discussion of the medical opinion evidence regarding plaintiff's RFC:

> As for the opinion evidence, the undersigned gives little weight to the Medical Source Statement by Dr. Simon at Exhibit 9F, because it is not consistent with the record or his own treatment notes, which indicate that she was getting good pain relief from her medications. Also, Dr. Simon's progress notes show no objective testing or physical examinations. Thus, his opinions appear to be based solely on the claimant's subjective complaints. However, the undersigned gives some weight to the opinions of the State agency physician Exhibits 6F and 8F, because they are generally consistent with the overall record and indicate she can work.

(R. at 16). Thus, the ALJ gave "little" weight to the opinions of Dr. Simon and "some" weight to the state agency assessment signed by Dr. Parsons;[1] however, the ALJ made RFC findings that do not clearly correlate with any evidence in the case record.

SSR 96-8p states the following:

---

[1]The state agency assessment is signed by Amy Valdivia, who is not identified (R. at 282). However, Dr. Parsons later reviewed the assessment and affirmed its opinions (R. at 292).

7

> The RFC assessment must include a narrative
> discussion describing how the evidence
> supports each conclusion, citing specific
> medical facts...and nonmedical evidence.

1996 WL 374184 at *7. SSR 96-8p is defendant's own requirement, a ruling promulgated by the Commissioner. SSR rulings, as noted above, are binding on the Commissioner. However, contrary to the clear requirements of SSR 96-8p, the ALJ did not provide a narrative discussion describing how the evidence supported her RFC findings. The ALJ's RFC findings are more restrictive than those in the state agency assessment in numerous particulars (R. at 14, 275-279), but it is less restrictive than the assessments provided by Dr. Simon (R. at 294-295) and ARNP Chizari (R. at 296-297). However, the ALJ provided absolutely no explanation for making RFC findings more restrictive than the assessment approved by Dr. Parsons, but less restrictive than the assessments prepared by Dr. Simon and ARNP Chizari. Furthermore, the ALJ did not cite to or mention any evidence to support many of her RFC findings.

As was true in the case of <u>Kency v. Barnhart</u>, Case No. 03-1190-MLB (D. Kan. Nov. 16, 2004, Doc. 21 at 5), the record in the case before the court is devoid of any discussion explaining how the ALJ arrived at her RFC findings or how the evidence supported her RFC findings. In <u>Kency</u>, the court held as follows:

> ...the ALJ simply listed all the evidence
> contained in the record and then set forth
> his conclusion without explaining the

8

> inconsistencies and ambiguities contained in
> the opinions. He did not connect the dots, so
> to speak, as is required by S.S.R. 96-8p. It
> may well be that upon remand, the ALJ will
> reach the same conclusion. Nevertheless,
> S.S.R. 96-8p is defendant's requirement and
> ALJs presumably are the experts whose
> responsibility it is to know and follow
> defendant's requirements.
>
> ..........
>
> Most important, the ALJ must explain how the
> decision was reached. When an ALJ merely
> summarizes the facts, notes that he has
> considered all of the facts, and then
> announces his decision, there is nothing for
> the court to review. The court cannot know
> how the ALJ analyzed the evidence. When the
> evidence is contradictory or ambiguous, as it
> is in most cases, the court cannot know which
> evidence was given what weight, or how the
> ambiguities were resolved. Therefore, to
> determine whether substantial evidence
> supports the conclusion, the court would have
> to reweigh the evidence. Since that option is
> precluded by law, the court can only remand
> to the defendant for a proper explanation of
> how the evidence was weighed and ambiguities
> resolved.

Kency, (D. Kan. Nov. 16, 2004, Doc. 21 at 7, 9); see Glidden v. Astrue, Case No. 09-1279-SAC (D. Kan. Aug. 30, 2010, Doc. 20 at 11; Blanton v. Astrue, Case No. 08-4010-SAC (D. Kan. Oct. 15, 2008, Doc. 19 at 7-8). In Kency, the court held that it was not at all clear to the court how the RFC, as a whole, was derived, and that the decision was unreviewable because the court was unable to discern how the ALJ reached his decision (Doc. 21 at 8). As in Kency, in the case before the court, the court is unable to discern how the RFC, as a whole, was derived. The

9

failure to link the RFC determination to specific and substantial evidence in the record constitutes reversible error. Brown v. Barnhart, 362 F. Supp.2d 1254, 1260 (D. Kan. 2005); Billups v. Barnhart, 322 F. Supp.2d 1220, 1228 (D. Kan. 2004). This case shall therefore be remanded in order for the ALJ to make RFC findings that comply with SSR 96-8p.

The ALJ's failure to describe how the evidence supported her RFC findings is compounded by a number of other errors. First, the ALJ gave little weight to the opinions of Dr. Simon, a treatment provider, asserting that his opinions were not consistent with the record or his own treatment notes (R. at 16). However, the ALJ erred by stating this in conclusory fashion, without reference (with one exception) to those portions of the record with which Dr. Simon's opinions were allegedly inconsistent. Krauser v. Astrue, 638 F.3d 1324, 1331 (10th Cir. 2011); Hamlin v. Barnhart, 365 F.3d 1208, 1217 (10th Cir. 2004). The ALJ's only reference to the record was to point out that the treatment notes showed that plaintiff was getting good pain relief from her medication. However, the fact that she was getting good pain relief from her medication is not clearly inconsistent with the limitations set forth by Dr. Simon. In fact, both Dr. Simon and ARNP Chizari indicate that plaintiff's pain or medication results in drowsiness which causes a decrease in concentration, persistence, or pace or other limitations (R.

at 295, 297, emphasis added). The ALJ is not free to substitute her own medical opinion for that of a disability claimant's treating physician. <u>Hamlin</u>, 365 F.3d at 1221. In the absence of any medical evidence, medical opinion evidence, or clear indication from the record that the opinions of the treatment providers are inconsistent with the treatment notes or medical test results, the ALJ overstepped her bounds into the province of medicine. <u>Mayhew v. Astrue</u>, Case No. 09-1141-WEB (D. Kan. Apr. 6, 2010, Doc. 31 at 14-15); <u>Newman v. Astrue</u>, Case No. 08-1391-JTM (D. Kan. Feb. 2, 2010, Doc. 18 at 15); <u>Halstead v. Astrue</u>, Case No. 08-1322-MLB (D. Kan. Dec. 9, 2009, Doc. 18 at 17-18); <u>Young v. Astrue</u>, Case No. 08-1120-MLB (D. Kan. April 20, 2009, Doc. 23 at 15-16); <u>McElheny v. Astrue</u>, Case No. 08-1076-MLB (D. Kan. Feb. 27, 2009, Doc. 17 at 11-12); see <u>Miller v. Chater</u>, 99 F.3d 972, 977 (10th Cir. 1996). The ALJ failed to point to anything else in the record which was allegedly inconsistent with the limitations set forth by Dr. Simon. On remand, the ALJ should identify what in the record or treatment notes are inconsistent with the opinions expressed by Dr. Simon. <u>Krauser</u>, 638 F.3d at 1331 n.3.[2]

---

[2]Defendant, in his brief, discusses portions of Dr. Simon's records which he believes supports the finding of the ALJ that little weight should be accorded to the opinions of Dr. Simon (Doc. 12 at 5-7). None of these, however, were mentioned by the ALJ as reasons for giving little weight to his opinions. For the reasons set forth in note 3, *infra*, an ALJ's decision should be evaluated based solely on the reasons stated in the decision.

The ALJ further asserted that Dr. Simon's treatment notes show "no objective testing or physical examinations" (R. at 16). This assertion is clearly erroneous. In a letter dated January 27, 2006, Dr. Simon indicated that he performed a physical examination on the plaintiff and reported the results (R. at 266-267). On January 30, 2006, testing was performed on the plaintiff by Dr. Nalamachu, an associate of Dr. Simon (R. at 266, 289), and upon referral by Dr. Simon (R. at 264-265). Testing was again performed by Dr. Nalamachu on the plaintiff on March 7, 2007 at the request of Dr. Simon (R. at 290-291). On that same date, Dr. Simon's own report sets forth his own physical examination of the plaintiff (R. at 289). Dr. Simon's RFC assessment of the plaintiff is dated on March 7, 2007 (R. at 294-295), the very same date of the testing by Dr. Nalamachu and the physical examination by Dr. Simon.

Finally, the ALJ asserts that the opinions of Dr. Simon appear to be based solely on plaintiff's subjective complaints. However, there is absolutely no evidence in the record to support this assertion. Langley v. Barnhart, 373 F.3d 1116, 1121 (10th Cir. 2004); Victory v. Barnhart, 121 Fed. Appx. 819, 823-824 (10th Cir. Feb. 4, 2005). In fact, Dr. Simon indicates in his assessment that his opinions are based on plaintiff's medical history, clinical findings (including physical examinations), and laboratory findings (R. at 295). Furthermore, the record

12

includes a physical examination conducted by Dr. Simon and testing by Dr. Nalamachu on the very same date that Dr. Simon offered his opinions. Thus, the opinions of Dr. Simon may well have been based on the examination and testing of plaintiff that same day, rather than on plaintiff's subjective complaints, as the ALJ speculated. See Victory, 121 Fed. Appx. at 824. For the reasons set forth above, the rationale given by the ALJ for giving little weight to the opinions of Dr. Simon is clearly erroneous.

Second, the record also contains a medical opinion regarding plaintiff's RFC from ARNP Chizari, another treatment provider, dated March 13, 2007 (R. at 296-297). As noted by defendant in his brief, a stamped signature above that of ARNP Chizari may be that of Dr. Gosalia, also a treatment provider (R. at 297, Doc. 12 at 11, n.3). This assessment by another treatment provider offers opinions that are nearly identical to those of Dr. Simon. However, the ALJ never even mentioned this assessment. This also represents clear error. An ALJ must evaluate every medical opinion in the record. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). This rule was recently described as a "well-known and overarching requirement." Martinez v. Astrue, 2011 WL 1549517 at *4 (10th Cir. Apr. 26, 2011). Even on issues reserved to the Commissioner, including plaintiff's RFC and the ultimate issue of disability, opinions from any medical source must be

carefully considered and must never be ignored. Social Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2-3. It is clear legal error to ignore a medical opinion. Victory v. Barnhart, 121 Fed. Appx. 819, 825 (10th Cir. Feb. 4, 2005).

According to SSR 96-8p:

> If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.

1996 WL 374184 at *7.[3] The case shall therefore be remanded in order for the ALJ to consider this medical opinion evidence.

When this case is remanded, the ALJ must consider the fact that two separate treatment providers have provided opinions regarding plaintiff's limitations that are nearly identical. No examining medical source has provided opinions that dispute the opinions of the treatment providers. The only contrary evidence

---

[3] In his brief, the Commissioner sets forth reasons for not giving much weight to the opinions of ARNP Chizari and/or Dr. Gosalia (R. at 11-12). However, the ALJ did not even discuss this medical opinion; thus the ALJ gave no reasons for according this medical opinions little or no weight. An ALJ's decision should be evaluated based solely on the reasons stated in the decision. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004). A decision cannot be affirmed on the basis of appellate counsel's post hoc rationalizations for agency action. Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985). A reviewing court may not create post hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). By considering legal or evidentiary matters not considered by the ALJ, a court risks violating the general rule against post hoc justification of administrative action. Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004).

regarding plaintiff's RFC is from a nonexamining physician.  The
opinions of physicians who have seen a claimant over a period of
time for purposes of treatment are given more weight than the
views of those who only review the medical records and never
examine the claimant.  The opinion of an agency physician who has
never seen the claimant is entitled to the least weight of all.
Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).
Therefore, when this case is remanded, the ALJ must not consider
the opinions of the treating sources in isolation, but those
opinions must be considered in light of the entire evidentiary
record, including the opinions and assessments of other treating
sources.  The court is concerned with the necessarily incremental
effect of each individual report or opinion by a treating source
on the aggregate assessment of the evidentiary record, and, in
particular, on the evaluation of reports and opinions of other
treating sources, and the need for the ALJ to take this into
consideration.  See Lackey v. Barnhart, 127 Fed. Appx. 455, 458-
459 (10th Cir. April 5, 2005).

     Plaintiff argues that the ALJ should have recontacted Dr.
Simon before rejecting his opinion.  Because the case is being
remanded for other reasons set forth above, the court will set
forth the legal criteria for recontacting either Dr. Simon or
ARNP Chizari and/or Dr. Gosalia.  In the case of Robinson v.
Barnhart, 366 F.3d 1078 (10th Cir. 2004), the court held as

follows:

> If evidence from the claimant's treating doctor is inadequate to determine if the claimant is disabled, an ALJ is required to recontact a medical source, including a treating physician, to determine if additional needed information is readily available. See 20 C.F.R. §§ 404.1512(e)(1) and 416.912(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."); see also McGoffin, 288 F.3d at 1252 (holding ALJ had obligation to recontact treating physician if validity of his report open to question). The responsibility to see that this duty is fulfilled belongs entirely to the ALJ; it is not part of the claimant's burden. White v. Barnhart, 287 F.3d 903, 908 (10th Cir.2001).

366 F.3d at 1084. The court in Robinson then stated that if the ALJ concluded that the treatment provider failed to provide sufficient support for his conclusions about plaintiff's limitations, the severity of those limitations, the effect of those limitations on her ability to work, or the effect of prescribed medication on her ability to work, the ALJ should have recontacted the treatment provider for clarification of his opinion before rejecting it. 366 F.3d at 1084. In addition, SSR 96-5p states the following:

> Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the

16

> Commissioner and the adjudicator cannot
> ascertain the basis of the opinion from the
> case record, the adjudicator must make "every
> reasonable effort" to recontact the source
> for clarification of the reasons for the
> opinion.

1996 WL 374183 at *6. On remand, the ALJ shall comply with these criteria when determining whether or not to recontact the treatment providers.

**IV. Did the ALJ err in her consideration of plaintiff's obesity?**

Plaintiff argues that the ALJ failed to properly consider plaintiff's obesity when making her RFC findings. Because this case is being remanded for other reasons, on remand, the ALJ should consider plaintiff's obesity in accordance with SSR 02-1p (evaluation of obesity). Plaintiff must be able to cite to evidence in the record that her obesity was relevant to her impairments or resulted in greater limitations in her ability to perform work activities. See Callicoatt v. Astrue, 296 Fed. Appx. 700, 702 (10th Cir. Oct. 20, 2008); Briggs v. Astrue, 221 Fed. Appx. 767, 770-771 (10th Cir. Apr. 9, 2007). On remand, the ALJ should consider the evaluation by Dr. Katta, who stated that his examination "revealed an obese young female patient in no acute distress" and who had "significant limitation of lumbar spine range of motion" (R. at 237).

**V. Did the ALJ err in her credibility analysis?**

Plaintiff argues that the ALJ erred in her analysis of

17

plaintiff's credibility.  The court will not reach this issue because it may be affected by the ALJ's resolution of the case on remand after giving further consideration to the medical evidence and the opinions of the treatment providers, as set forth above. See <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1085 (10th Cir. 2004).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 6th day of July, 2011, Topeka, Kansas.

<u>s/ Sam A. Crow</u>
Sam A. Crow, U.S. District Senior Judge